[No. 1639.  Decided February 8, 1895.]

WILLIAM COCHRANE, *Appellant*, v. GUST GUNDERSON *et al.*, *Respondents*.

### DISMISSAL OF APPEAL — FAILURE TO FILE RECORD.

Under Laws 1893, p. 126, § 14, upon failure of appellant for four months after taking an appeal to have filed in the supreme court a transcript of the record and statement of facts, the appeal will be dismissed.

*Appeal from Superior Court, King County.*

On motion to dismiss appeal.

*James Hamilton Lewis*, for appellant.

*Williamson & Franklin*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The judgment in this case was rendered December 23, 1893, in the superior court of King county, and filed December 28, 1893. The amended notice of appeal was served February 14, 1894. The respondents moved to dismiss this appeal, for affirmance of judgment, and for costs and damages, for the reasons that the same has not been taken

according to law, and that the appeal was taken for delay only.

Sec. 14 of ch. 61 of the Laws of 1893, p. 126, provides that within four months after an appeal shall have been taken, the clerk of the superior court shall prepare and certify, and send up to this court at the expense of appellant, a bill of exceptions or statement of facts, and a copy of so much of the record and files as the appellant shall deem material to a review of the matters embraced within the appeal.

In this case the record fails to show that the appellant has ever complied in any particular with the requirements of this law. The original papers in this case were filed in this court in September last by the respondents in support of a motion to dismiss instead of the record which the law required in such case. These papers were then returned by this court to the superior court, where they belonged. Afterwards the respondents brought a short record here, upon which the motion now under consideration is based. The appellant introduces an affidavit of the clerk of the superior court in aid of his contention that the appeal should not be dismissed, but even on the supposition that this affidavit could be considered by the court, it not having been served on the respondents, or their counsel, until the morning of the argument of the motion, and no showing having been made why it was not sooner served, it does not disclose any excuse whatever for the lack of diligence on the part of the appellant in prosecuting his appeal, nor is there an intimation in said affidavit that the appellant within the time prescribed by law, or even up to the present time, has ever authorized the sending of the transcript to this court, or paid for the same.

It is earnestly contended by the respondents that

they should be awarded damages provided for by the
statute in certain cases, but we are inclined to think
that we would not be authorized, under the showing in
this case, to grant any further damages than the in-
terest on the judgment. For the failure to comply
with the law in regard to prosecuting appeals men-
tioned above, the motion to dismiss will be sustained,
and the judgment affirmed with costs in favor of the
respondents.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ.,
concur.